UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROD RHONE,

        Petitioner,

v.                                                     Case No. 07-C-975

JEFFREY ENDICOTT,

        Respondent.

**ORDER**

On November 2, 2007, Jerod Rhone filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Brown County Circuit Court of possession of cocaine (among other charges). He is currently incarcerated at Redgranite Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner's claim is based on the Fourth Amendment. He asserts that, when stopped by police in a Walgreens parking lot, there was no reasonable suspicion that he had been involved in

any criminal activity. As such, he believes the fruits of the resulting search should have been suppressed.

"[A] petitioner cannot obtain collateral relief on a Fourth Amendment claim unless the state courts deprived him of a full and fair opportunity to litigate the claim." *Watson v. Hulick,* 481 F.3d 537, 541-42 (7th Cir. 2007). Rhone makes a bare allegation that his Fourth Amendment claim was not considered by the state courts. Although his petition is suggestive of the fact that the claim may actually have been presented to the trial court and court of appeals, it is impossible to make that determination without having the transcripts in the record. Accordingly, the petition will be allowed to proceed so that the petitioner's claim may be reviewed more fully.

Petitioner has also filed a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." *See* 18 U.S.C. § 3006A(a)(2). Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

Here, Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit clearly shows that he is financially eligible for appointment. The question is whether appointment of counsel would serve the interests of justice. In determining whether the interests of justice will be served by the appointment of counsel in a habeas case, the court considers the difficulty of the case and the petitioner's ability. It is significant in most habeas cases that the issues raised in federal

court must first have been raised and fully considered in state court. *See* 28 U.S.C. § 2254(b)(1)(A). This means that typically, assuming he was represented by counsel in state court proceedings, the petitioner will have the benefit of his previous attorney's briefing on the very same issues he seeks to raise in federal court.

At this stage, I am not convinced that appointment of counsel would serve the interests of justice in this case. The central issue is one that may be resolved largely by reference to the record and is not dependent upon the assistance of counsel. Accordingly, Petitioner's motion will be denied. The denial is without prejudice, however. In the event circumstances change, I will reconsider Petitioner's request.

Petitioner also filed with his petition an application for leave to proceed *in forma pauperis*. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. He has done so, and review of his account reveals that petitioner satisfies the indigence requirement of § 1915. Accordingly, his request to proceed without prepayment of costs will be granted.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and

3

(3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's motion for appointment of counsel is denied without prejudice.

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed *in forma pauperis* is granted.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this ___8th___ day of November, 2007.

                                       s/ William C. Griesbach
                                       William C. Griesbach
                                       United States District Judge